UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Hill<br>　　　　Plaintiff,<br><br>v.<br><br>United States of America,<br><br>　　　　Defendant. | Case No. 22-cv-677<br><br>**COMPLAINT** |

As and for his Complaint against Defendant United States of America, Plaintiff James Hill brings this action under the Federal Tort Claims Act for injuries suffered in a motor vehicle accident caused by an employee of the United States Postal Service who was operating a postal vehicle in the course and scope of his duties.

## Jurisdiction

1.  This action is brought pursuant to Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq*. and the Postal Reorganization Act, 39 U.S.C. § 409. Jurisdiction is proper based on the federal question presented and the United States as a defendant in a FTCA claim. 28 U.S.C. §§ 1331, 2674, 1346(b)(1).

2.  On January 3, 2021, Plaintiff James Hill submitted an Administrative Claim for the claim set forth below to the United States Postal Service ("USPS") for a claim which had accrued within the previous two years. The claim was submitted along with sufficient documentation to allow USPS to review and make a determination of the claim.

1

3. On October 15, 2021 the USPS issued a letter of final denial; all conditions precedent to filing suit under the FTCA have been met pursuant to 28 U.S.C. § 2401.

4. Venue is properly within this District under 28 U.S.C. § 1402(b) as the acts complained of occurred in the District of Minnesota.

## Parties

5. Plaintiff is a citizen of Dakota County, Minnesota.

6. The United States of America is the appropriate defendant under the FTCA. 28 U.S.C. § 2874.

## Facts

7. On January 12, 2019, Plaintiff was traveling west in his 2014 Ford F-150 on Baily Road in Woodbury, Minnesota.

8. At said place and time, USPS employee Yodit Mebrahtu was traveling the same direction in a USPS jeep when she made a sudden and dangerous U-turn into traffic. On information and belief, Ms. Mebrahtu was acting in the course and scope of her duties with the USPS.

9. Ms. Mebrahtu's sudden turn caused Plaintiff to strike the passenger side of the USPS vehicle, resulting in severe front-end damage to Plaintiff's truck, deploying Plaintiff's airbags, and pushing both vehicles into the shoulder of eastbound traffic.

10. Plaintiff's vehicle sustained $12,130.99 in damages and was deemed a total loss.

11. Immediately Plaintiff experienced pain in his neck, back, and arms following the crash. He proceeded home believing that his injuries would subside, however he began experiencing headaches and soreness in his neck later in the day.

12. Plaintiff presented to urgent care at Allina Medical Clinic the day following the accident and complained of pain in his head, neck, burning sensation in his arms, and headaches.

13. Plaintiff was diagnosed with a strain of the neck muscles and bruising all over his body and was ordered to limit physical work to protect his neck.

14. On January 17, 2019, Plaintiff began treatment with Dr. Alex Fox, DC, at Physicians Group. He complained of neck pain, back pain, headaches, wrist pain, and anxiety.

15. Plaintiff was diagnosed with neck pain, neck sprain/strain, mid back pain, lower back pain, lower back sprain, SI sprain, wrist pain, cervical radiculopathy, and lumbar radiculopathy.

16. Plaintiff continued treatment with Dr. Fox through September 13, 2019, receiving chiropractic adjustments and therapies.

17. On June 5, 2019, Plaintiff was referred to the Center for Diagnostic Imaging for a cervical MRI and MRI of his brain. The results did not reveal any fractures or abnormalities.

18. On August 30, 2019, Mr. Hill was seen at the Center for Diagnostic Imaging for a lumbar MRI. The MRI revealed:

**CONCLUSION:**
1. 3 mm AP, craniad directed left extraforaminal L4-5 extruded herniation, abuts left L4 postganglionic nerve.
2. 2.5 mm AP right central-paracentral protrusion with high intensity fissure at L5-S1 and mild-moderate disc degeneration, with no stenosis or impingement.
3. Disc degeneration is mild at T11-12 and moderate at L1-2, also spondylosis at L2-3 and L3-4. Discogenic marrow changes at these levels are most prominent ventrally at L1-2, in conjunction with chronic Schmorl's node.
4. No acute/subacute fracture, osseous neoplasm or infection and no cord/conus mass.

19. On October 16, 2019, Plaintiff was referred to Twin Cities Pain Management for lumbar epidural steroid injections. He reported a 60% improvement in his symptoms.

20. On March 25, 2020, Plaintiff again received lumbar epidural steroid injections with a follow-up set of injections discussed.

21. It is Dr. Fox's professional medical opinion that Plaintiff sustained permanent injuries to his cervical, thoracic, and lumbar spine, as well as both wrists. Dr. Fox further opines that Plaintiff is at an increased risk for future injury to his spine and wrists, and will suffer from permanent restrictions including loss of range of motion in his cervical spine, lumbar spine, and wrists, as well as lifting ability, walking, and prolonged sitting and standing.

22. Dr. Fox opines that Plaintiff will require medical interventions including therapeutic modalities. These future medical expenses are expected to range from $1,500 to $2,000 annually, in today's dollar.

23. Plaintiff incurred the following special damages which were provided to USPS on January 3, 2021:

| PROVIDER/DOS | Charge | PIP Payments | Patient Pmt. | Balance |
|---|---|---|---|---|
| Allina Health 1/13/2019 | $293.00 | $293.00 | $0.00 | $0.00 |
| Physicians Group 1/17/2019 to 9/13/2019 | $12,248.37 | $12,053.37 | $195.00 | $0.00 |
| Center for Diagnostic Imaging 6/05/2019 to 8/30/2019 | $6,820.00 | $6,820.00 | $0.00 | $0.00 |
| Twin Cities Pain Management 10/16/2019 | $3,280.62 | $833.63 | $0.00 | $2,446.99 |
| HealthPartners | $861.05 | $0.00 | $657.05 | $0.00 |
| TOTAL | $23,503.04 | $20,000.00 | $852.05 | $2,446.99 |

24. Since those dates of service provided, Plaintiff continued to treat consistent with the opinions listed above. He has incurred an additional $1,206.99 in charges at the Twin Cities Pain Management Clinic, $190.40 in charges at Health Partners Clinic, and $491.69 in charges from Noran Neurological Clinic.

25. Plaintiff also sought the opinion of Dr. Jack Bert, an expert orthopedic surgeon with over 40 years of experience. Dr. Bert opined that Plaintiff's current complaints are directly and causally related to the January 12, 2019 accident at issue, that his treatment listed above was reasonable, necessary, and caused by the accident, that his injuries are a permanent aggravation of a pre-existing cervical condition and a new lumbar spine injury. Dr. Bert noted that Plaintiff might benefit from conservative care but that surgery would eventually be necessary. Plaintiff also sought the opinion of Dr. David Hanson, who also opined that the accident at issue was a direct cause of Plaintiff's low

back pain and lumbar radiculopathy, and that treatment for those conditions was directly caused by the accident, reasonable, and necessary.

26. Plaintiff was a self-employed painter at the time of this crash. His tax records from 2018 and 2019 indicate a taxable income of $121,672.00 and $114,019.00 respectively.

27. As a result of this crash, Plaintiff has been unable to continue earning at the same level as he had prior due to the need to subcontract work that he normally would perform himself. Additionally, because of his injuries, he has been unable to take work which he would normally have performed, and has referred some of that work to colleagues, resulting in lost income to himself.

28. On January 3, 2021, Plaintiff estimated in his notice to USPS that his earnings were reduced to approximately $50,000.00 to $60,000.00 after paying subcontractors. Plaintiff has since filed his 2020 tax returns, which indicate that his income in 2020 was actually reduced to $39,290.

29. Plaintiff's wage loss from the point of the accident to age 67 is therefore estimated at $1,200,000.00.

## CAUSE OF ACTION – 28 U.S.C. § 1346(b)
### Negligence

30. Plaintiff repeats and realleges each paragraph above as if fully set forth herein.

31. The actions of Ms. Mebrahtu complained of above were performed while in her course and scope of his duties for the USPS as a postal worker for the United States.

32. Ms. Mebrahtu's had a duty to drive with due care and to obey the traffic laws of the jurisdiction.

33. The driving conduct complained of above breached Ms. Mebrahtu's duty to drive with due care and to obey the traffic laws of the jurisdiction. These breaches include failure to safely operate a motor vehicle, failure to keep a lookout, and failure to follow the traffic laws of the jurisdiction.

34. As a direct and proximate result of Ms. Mebrahtu's breaches of duty, Plaintiff has suffered injuries which have and will in the future require medical costs, property damage, and wage loss including loss of earning capacity, as set forth above.

35. This negligent act of an employee of the United States would cause the United States, if a private person, to be liable to Plaintiff in accordance with the laws of the State of Minnesota.

## Conclusion

WHEREFORE, Plaintiff requests this Court to award compensatory damages against the Defendant United States of America in the amount of $2,500,000.00, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: March 14, 2022

　　/s Michael Kemp　　
Bradley D. Hauswirth (#219836)
Michael Kemp (#0390246)
ATTORNEYS FOR PLAINTIFF
2700 Snelling Avenue North, Suite 460
Roseville, MN 55113
(651) 493-0426
brad@aaronfergusonlaw.com